**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREEN MUNYIR TREVER                          :
                                             :      CIVIL ACTION
          v.                                 :
                                             :      NO. 23-2479
COMMONWEALTH OF PENNSYLVANIA                  :
PHILADELPHIA MUNICIPAL COURT                 :
TRAFFIC DIVISION et. al.                      :

## MEMORANDUM

**SURRICK, J.**                                         **JANUARY 5, 2024**

Presently before the Court are Plaintiff's Emergency Motion for Stay Order (ECF No.
12), and the Motion to Dismiss Plaintiff's Petition for Judicial Review filed on behalf of
Defendant Commonwealth of Pennsylvania, Philadelphia Municipal Court, Traffic Court
Division ("the Traffic Court") (ECF No. 16).  For the following reasons, Plaintiff's Motion will
be denied, and the Traffic Court's Motion will be granted.

## I.      BACKGROUND

Plaintiff, proceeding *pro se*, alleged that his automobile was unlawfully seized.  (Pet.,
ECF No. 3, at 1 (ECF pagination).)  The Traffic Court issued an Order on May 31, 2023, which
specified that Plaintiff must show proof of a valid registration and active insurance and pay a fine
to obtain his automobile.  (*Id*. at 14-15.)  The Order stated that it may be appealed within thirty
days to the Office of Judicial Records.  (*Id*.)  On June 12, 2023, the Court of Common Pleas of
Philadelphia County issued an Order authorizing the Traffic Court, through its agent, the
Philadelphia Parking Authority, to sell Plaintiff's automobile through a public auction seventeen
days later.  (*Id*. at 5, 18.)

Plaintiff contends that the Traffic Court's initial Order illegally restricts his freedom to

travel and forces him to obtain a registration, driver's license, and insurance in order to retrieve his automobile. (*Id*. at 5.)  Plaintiff asks this Court to reverse the Traffic Court's Orders, stop the sale of his automobile, and release his private property. (*Id*. at 6.)  Plaintiff stated that he did not appeal either state court Order because "the District Court has original jurisdiction over all cases arising under the constitution[], federal laws, and treaties of the United States." (*Id*. at 4.)

Plaintiff also alleged that the Philadelphia Police Department, the Traffic Court, and the Philadelphia Parking Authority conspired against him in violation of 18 U.S.C. § 241 and various constitutional provisions. (*Id*. at 2-3.)  He identified the three parties as "respondent[s]." (*Id*. at 4.)  Plaintiff certified that he served a copy of his Petition for Judicial Review on the Philadelphia Traffic Court and the Philadelphia Parking Authority.[1] (*Id*. at 40.)

The Court of Common Pleas of Philadelphia County issued another Order on July 11, 2023, which authorized Plaintiff's automobile to be auctioned on July 27, 2023, and which Plaintiff challenged in an Emergency Motion for Stay Order filed in this Court. (Pltf's Mot., ECF No. 12, at 3 (ECF pagination).)

## II.    LEGAL STANDARD

In order to adjudicate a case, a federal court must have subject matter jurisdiction. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).  A court must grant a motion to dismiss if it lacks subject matter jurisdiction over the case. Fed. R. Civ. P. 12(b)(1).

---

[1] The caption of Plaintiff's Petition only identifies the Traffic Court as a defendant (Pet. at 1), and a Summons was only issued as to the Traffic Court. (ECF No. 8.)  Plaintiff appears to assert claims against the "Philadelphia 35th Police Department" and the "Philadelphia Parking Authority" as well, *see* Pet. at 2.  The Clerk of Court is directed to issue Summonses against these defendants also.  Once the Summons are issued, Plaintiff shall serve the Summonses and Petition on these two defendants in accordance with the manner and time described in Federal Rule of Civil Procedure 4.

The party asserting that jurisdiction is proper bears the burden of showing that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a factual or facial attack. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). On a factual attack, the "court may weigh and 'consider evidence outside the pleadings.'" *Const. Party of Pennsylvania*, 757 F.3d at 358 (quoting *Gould Elecs. Inc v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). A facial challenge "contests the sufficiency of the pleadings" and the court "'must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *In re Schering Plough Corp.*, 678 F.3d at 243 (quoting *Gould Elec. Inc.*, 220 F.3d at 176).

## III.    DISCUSSION

Plaintiff's Motion will be denied, and the Traffic Court's Motions will be granted. We do not have jurisdiction to adjudicate the dispute.

Plaintiff filed an Emergency Motion for Stay Order in this Court on July 19, 2023, asking us to stay the Traffic Court's July 11, 2023 Order, which authorized the Traffic Court through its authorized agent, the Philadelphia Parking Authority, to auction Plaintiff's automobile, while Plaintiff's "appeal" proceeds in this Court. (Pltf's Mot. at 1-2.) The July 11, 2023 Order followed a June 12, 2023 Order, which similarly authorized the Traffic Court, through the Philadelphia Parking Authority, to auction Plaintiff's automobile. (Pet. at 5, 18.)

The Traffic Court seeks dismissal of Plaintiff's action on three grounds: 1) the Traffic

Court is immune from suit under the Eleventh Amendment; 2) the Traffic Court is not a "person" as defined by 42 U.S.C. § 1983 and cannot be sued under the statute; and 3) under the *Rooker-Feldman* doctrine, federal courts cannot undertake appellate review of state court judgments. (Traffic Court Mot., ECF No. 16, at 2 (ECF pagination).)

> **A.     Eleventh Amendment**

The Traffic Court argues that it is immune from suit because it is an arm of the Unified Judicial System of Pennsylvania and as such, under the Eleventh Amendment, has immunity from suit.  (*Id.* at 4-5.)  We agree.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's action against the Traffic Court fails because state courts such as the Traffic Court are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (holding that states are immune from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that state courts in Pennsylvania, including traffic courts, are entitled to Eleventh Amendment immunity); *see Banks v. City of Philadelphia*, No. 20-787, 2020 WL 2112279, at *2 (E.D. Pa. May 4, 2020) (holding that a traffic court is entitled to Eleventh Amendment immunity and dismissing action).  Pennsylvania has not waived its Eleventh Amendment immunity, *see Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the

4

Constitution of the United States."), and Congress did not abrogate such immunity when it passed Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Accordingly, all claims against the Traffic Court are dismissed.

      **B.**    ***Rooker-Feldman* Doctrine**

     Under the *Rooker-Feldman* doctrine, federal courts do not have jurisdiction to hear claims in which "a federal [law]suit follows a state law[suit]" when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 164, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  "When a federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment."  *Great W. Mining & Min. Co.*, 615 F.3d at 170 (citations omitted).

     "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim."  *Id.* at 166.  In particular, this doctrine concerns injuries "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."  *Id*. at 167 (quoting *Hoblock v. Albany Cnty. Bd. of Elec.*, 422 F.3d 77, 88 (2d Cir. 2005) (holding that the second requirement was met when a government body acted "under compulsion of a state-court order" and the "state-court judgment produced . . . the very injury of which the [litigants] complain")).  This doctrine does not bar federal courts from hearing claims that are "independent" of the state-court judgment and stem from "other sources of injury, such as a third party's action."  *Id*. (citing *McCormick v. Barverman*, 451 F.3d 382, 392 (6th Cir.

2010) (holding that a claim that a party engaged in fraud and misrepresentation in a state-court proceeding was independent of an injury caused by the state-court judgment)). "[W]hether the injury complained of in federal court existed prior to the state-court proceedings" is a "useful guidepost" to determine whether the injury was caused by the state-court proceeding. *Id.*

We lack jurisdiction to invalidate a judgment of the Traffic Court with respect to its Orders against Plaintiff, as Plaintiff asks us to do. *See Banks*, 2020 WL 2112279, at *2. First, the state court ruled against Plaintiff by imposing conditions for Plaintiff to retrieve his automobile. (Am. Compl. at 5, 14-15, 18; Plntf's Mot. at 3.) Second, Plaintiff's alleged injuries were caused by the Traffic Court's Orders because Plaintiff could not retrieve his automobile if he did not comply with the Traffic Court, and he has not asserted injuries caused by the Traffic Court that are independent of, or not produced by, the Orders. *See Great W. Mining & Min. Co.*, 615 F.3d at 167. Third, the Orders challenged in Plaintiff's Petition were entered before Plaintiff initiated this action in federal court. (Am. Compl. at 5, 14-15, 18.) Finally, ruling for Plaintiff would require us to void the Traffic Court's Orders. *See Teed*, 2004 WL 1149486, at *4.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied, and the Traffic Court's Motion will be granted. An appropriate Order follows.

BY THE COURT:


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**